IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 4:19-cr-28-MSH-CDL-1 |
| | : | |
| DENOISYO SPARKS, | : | |
| | : | |
| Defendant. | : | |

### REPORT AND RECOMMENDATION

Pending before the Court is Defendant's motion and amended motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) (ECF Nos. 47, 54). For the following reasons, it is recommended that the motions be denied.

### BACKGROUND

On December 3, 2019, Defendant pleaded guilty to one count each of possession of a firearm by a convicted felon and possession with intent to distribute marijuana. Change of Plea, ECF No. 25; Superseding Information 1-2, ECF No. 23. Before sentencing, the United States Probation Office ("USPO") prepared a pre-sentence report ("PSR") using the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") (ECF No. 39). The USPO calculated a Guidelines sentencing range of 51 to 63 months on the firearms charge and 51 to 60 months on the distribution charge. PSR ¶ 65, ECF No. 39. On June 2, 2020, the Court sentenced Defendant to 36 months' imprisonment on each count to run concurrently followed by three years' supervised release on each count to run concurrently. Judgment 2-3, ECF No. 44.

The Court received Defendant's *pro se* motion for compassionate release on March 24, 2021 (ECF No. 47). In this motion, Defendant contends he is entitled to a reduction in sentence due to the risk posed by Covid-19 in light of his underlying medical conditions, including hypertension and obesity. Mot. for Compassionate Release 5-6, ECF No. 47. He also cites his inability to social distance in prison and FCI Jesup's non-compliance with Federal Bureau of Prisons ("BOP") and Centers for Disease Control ("CDC") guidelines. *Id.* at 2-5. On March 25, 2021, the Court appointed counsel to represent Defendant on his motion for compassionate release (ECF No. 48). Court-appointed counsel filed an amended motion for compassionate release on Defendant's behalf on August 5, 2021 (ECF No. 54). In the amended motion, Defendant requests compassionate release based on the risk posed by Covid-19 in light of his diagnoses of hypertension and obesity and "lack of care and risk imposed at USP Atlanta and FCI Jesup" in the face of the Covid-19 pandemic.[1] Am. Mot. for Compassionate Release 4-7, ECF No. 54. The Government responded on September 16, 2021 (ECF No. 55). Defendant's motion for compassionate release is ripe for review.

## DISCUSSION

A district court "'may not modify a term of imprisonment once it has been imposed except' under certain circumstances." *United States v. Harris*, 989 F.3d 908, 909 (11th Cir. 2021) (quoting 18 U.S.C. § 3582(c)). One circumstance is the compassionate release

---

[1] Between the filing of his original motion for compassionate release and amended motion, Defendant was transferred from FCI Jesup to USP Atlanta.

exception provided in 18 U.S.C. § 3582(c)(1)(A). *Id.* at 909-10. Under that section, a prisoner may obtain compassionate release if, "after considering the factors set forth in [18 U.S.C. § 3553(a)]," the district court finds that "extraordinary and compelling reasons warrant such reduction . . . and that such reduction is consistent with applicable policy statements issued by the Sentencing Commission."[2] 18 U.S.C. § 3582(c)(1)(A)(i). The Sentencing Commission's policy statement for compassionate release is found at U.S.S.G. § 1B1.13. Under the policy statement, a defendant must show that he "is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2). Further, a defendant must show that "extraordinary and compelling reasons warrant the reduction." U.S.S.G. § 1B1.13(1)(A). A defendant bears the burden of proving entitlement to compassionate release. *See United States v. Mantack*, 833 F. App'x 819, 819-20 (11th Cir. 2021) (per curiam) (citing *United States v. Green*, 764 F.3d 1352, 1356 (11th Cir. 2014)).

Defendant fails to show extraordinary and compelling reasons warranting compassionate release. The Sentencing Commission policy statement provides four circumstances that constitute extraordinary and compelling reasons for a sentence reduction. U.S.S.G. § 1B1.13 cmt. n.1. The first is a qualifying medical condition.

---

2  In addition to extraordinary and compelling reasons warranting a reduction, compassionate release may also be granted to a defendant who is over 70 years old and has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559(c). 18 U.S.C. § 3582(c)(1)(A)(ii). This provision is inapplicable to Defendant.

U.S.S.G. § 1B1.13 cmt. n.1(A). A medical condition qualifies if "[t]he defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory)." U.S.S.G. § 1B1.13 cmt. n.1(A)(i). A defendant need not show a "probability of death within a specific time period," and "[e]xamples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia." *Id.* In the alternative, a defendant's medical condition qualifies if he or she is:

> (I) suffering from a serious physical or medical condition, (II) suffering from a serious functional or cognitive impairment, or (III) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. § 1B1.13 cmt. n.1(A)(ii).

The second and third circumstances qualifying as extraordinary and compelling reasons are the defendant's age and family circumstances. U.S.S.G. § 1B1.13 cmt. n.1(B), (C). Here, Defendant is neither over the age of sixty-five, nor does he rely on family circumstances, so these circumstances are inapplicable to him.

The fourth circumstance is "other reasons," which is where "[a]s determined by the Director of the [BOP], there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." U.S.S.G. § 1B1.13 cmt. n.1(D). "'[O]ther reasons' are limited to those determined by the [BOP], not by courts." *United States v. Lee*, 857 F. App'x 556, 558

4

(11th Cir. 2021) (per curiam) (citing *United States v. Bryant*, 996 F.3d 1243, 1246-49 (11th Cir. 2021)).  Therefore, a district court lacks the authority to determine if a defendant's circumstances qualify as an "other reason" under U.S.S.G. § 1B1.13 cmt. n.1(D).  *Bryant*, 996 F.3d at 1247-48, 1263.  There is no evidence that the BOP has determined that Defendant presents an extraordinary and compelling reason for compassionate release.  Thus, the fourth circumstance does not apply to Defendant either.

As for the first circumstance, Defendant's medical records do not show a qualifying medical condition as defined by U.S.S.G. § 1B1.13 cmt. n.1(A).  Defendant's medical records show that he has hypertension, but there is no evidence that this condition is terminal as required by U.S.S.G. § 1B1.13 cmt. n.1(A)(i).[3]  Med. Rec. 4, ECF No. 54-1.  Further, even assuming that Defendant's medical conditions are "serious," that is only part of what Defendant must show.[4]  He must also demonstrate that these conditions "substantially diminish[]" his ability to provide self-care in the prison and from which he is not expected to recover.  U.S.S.G. § 1B1.13 cmt. n.1(A)(ii).  Defendant cannot do that,

---

[3]  The medical records are contradictory as to Defendant's claim that he is obese, but the Court will assume for the purposes of this motion that he is.  *See* Med. Rec. 89, 92.

[4]  The Government concedes that the CDC has identified hypertension and obesity as potential risk factors for a severe outcome from Covid-19, though it does not concede these conditions alone are sufficient to constitute extraordinary and compelling reasons for release.  Gov't Resp. 9 n.4, ECF No. 55.  Moreover, "a person's medical condition is not automatically extraordinary and compelling because it appears on the CDC's list of underlying medical conditions that increase the risk for a severe COVID-19 outcome."  *United States v. Moore*, No. 14-315-06, 2020 WL 7264597, at *3 (E.D. Pa. Dec. 10, 2020).  Instead, "the CDC guidance on the risks of COVID-19 must be viewed in light of the medical history and circumstances of the individual moving for compassionate release."  *Id.*

5

and instead, the medical records show that while Defendant has the ability to provide self-care within the prison, he has chosen not to do so. Defendant refused a Moderna Covid-19 vaccine on May 4, 2021. Med. Rec. 52, 66. "Judges . . . around the country[] have ruled with consistency that an inmate's denial of a COVID-19 vaccination weighs against a finding of extraordinary and compelling circumstances." *United States v. Baeza-Vargas*, No. CR-10-00448-010-PHX-JAT, —F. Supp. 3d—, 2021 WL 1250349, at *3 (D. Ariz. Apr. 5, 2021); *see United States v. Kurbatov*, NO.: 18-CR-20172-GAYLES, 2021 WL 1923289, at *3 (S.D. Fla. May 13, 2021) ("Courts across the country are consistently holding that an inmate's refusal to get a COVID-19 vaccination negates a claim that the inmate's risk of serious illness from COVID-19 is an extraordinary and compelling reason for early release."). Thus, Defendant fails to show an extraordinary and compelling reason as defined by U.S.S.G. § 1B1.13 cmt. n.1.

Moreover, compassionate release is inappropriate after considering the factors set forth in 18 U.S.C. § 3553(a). These factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for the sentence imposed to afford adequate deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) the pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims.

*United States v. Macli*, 842 F. App'x 549, 552 n.1 (11th Cir. 2021) (per curiam) (citing 18

U.S.C. § 3553(a)).

The first three factors listed above—which are codified at 18 U.S.C. § 3553(a)(1), (2)(A), and (2)(B)—weigh against Defendant. As noted previously, the USPO calculated a Guidelines sentencing range of 51 to 63 months on the firearms charge and 51 to 60 months on the distribution charge. PSR ¶ 65. This was based on a criminal history that included a prior sale of marijuana. *Id.* ¶ 46. Nevertheless, the Court varied downward from the Guidelines based on Defendant's acceptance of responsibility, compliance with bond conditions, job performance, and other factors. Statement of Reasons 4, ECF No. 45. Thus, Defendant has already received a considerable benefit in sentencing. Further reduction based on compassionate release would not reflect the seriousness of the crime or Defendant's criminal history, promote respect for the law, provide just punishment, or deter future criminal conduct.

The Court has also considered the necessity to provide Defendant "with needed . . . medical care . . . in the most effective manner." 18 U.S.C. § 3553(a)(2)(D). In this regard, the medical records show that Defendant receives appropriate medical care in prison. As for the risk of re-infection posed by Covid-19, the BOP has implemented its COVID-19 Vaccine Guidance and has begun administering vaccines to inmates housed in its facilities. Fed. BOP Clinical Guidance, COVID-19 Vaccine Guidance (Oct. 13, 2021 v.14.1), available at https://www.bop.gov/resources/pdfs/covid_19_vaccine_guidance_v14_0_2021.pdf (last visited Oct. 20, 2021). The availability of the vaccine should—if Defendant takes

7

advantage of it—greatly minimize his possible future exposure to the Covid-19 virus. As noted, Defendant refused to be vaccinated. Med. Rec. 52, 66. Further, the BOP has implemented procedures to mitigate the risk of infection. Federal Bureau of Prisons, BOP Modified Operations, https://www.bop.gov/coronavirus/covid19_status.jsp (updated Nov. 25, 2020). As of October 19, 2021, there were only two Covid-19 positive inmates at Atlanta USP, where Defendant is currently housed. Fed. BOP, https://www.bop.gov/coronavirus (last visited Oct. 20, 2021).

The Court has considered the remaining factors in § 3553(a) and, to the extent they are applicable, finds that none of them provide sufficient weight to justify Defendant's release. Thus, as an additional and alternative ground for denial of Defendant's motion for compassionate release, the Court finds that even if Defendant established extraordinary and compelling reasons, release is not warranted after consideration of the § 3553(a) factors.

## CONCLUSION

For the foregoing reasons, it is recommended that Defendant's motion and amended motion for compassionate release (ECF Nos. 47, 54) be **DENIED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation, or seek an extension of time to file objections, within fourteen (14) days after being served with a copy hereof. The district judge shall make a de novo determination of those portions of the Recommendation to which objection is made. All other portions of the Recommendation may be reviewed for clear error.

The parties are hereby notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

SO RECOMMENDED, this 20th day of October, 2021.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE